**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.   **CV 24-11154-JFW(SSCx)** | Date: February 13, 2025 |

Title:   John Roe CS 88 -v- DOE 1, a corporation, et al.

---

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                                                     **None Present**
   **Courtroom Deputy**                                                 **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
                      None                                                                              None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA STATE COURT [filed 1/27/2025; Docket No. 21]**

   On January 27, 2025, Plaintiff John Roe CS 88 ("Plaintiff") filed a Motion to Remand Case to California State Court ("Motion to Remand"). On February 3, 2025, Defendant Doe 1 ("Doe 1" or the "Church") filed its Opposition. On February 10, 2025, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for February 24, 2025 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

   Plaintiff is a Nevada citizen. Notice of Removal ¶ 7. He alleges that in 1991 and 1992, when he was a minor child in California, he was sexually abused by the Defendants' church leader and agent, "Perpetrator Birch." On August 26, 2024, Plaintiff filed his Complaint (Doc. No. 1-2) in state court alleging the following six causes of action against Defendants Doe 1, Doe 2, Doe 3, and Does 4-100: (1) negligence; (2) negligent supervision of a minor; (3) sexual abuse of a minor; (4) negligent hiring, supervision, and retention; (5) negligent failure to warn, train, or educate plaintiff; and (6) breach of mandatory duty.

   Defendants Doe 1, Doe 2, and Doe 3 are not fictitious defendants, but rather are designated as Does in compliance with California Code of Civil Procedure § 340.1(k). Defendant Doe 1 is formally known as "The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole" (the "Church"). Notice of Removal ¶ 8. The Church is a Utah-based and Utah-incorporated 501(c)(3) nonprofit entity. *Id*. Defendant Doe 2 is the Temple Corporation of The Church of Jesus Christ of

Latter-day Saints (the "Temple Corporation"), which is an integrated auxiliary of the Church. Notice of Removal ¶ 9; Wilson Decl. (Docket No.1-12) ¶ 25. The Temple Corporation is separately incorporated in Utah as a 501(c)(3) nonprofit entity and is headquartered in Utah. *Id.*

Defendant Doe 3 is the San Luis Obispo California Stake (the "SLO Stake"), which is an ecclesiastical subunit of the Church. Wilson Decl. ¶ 15. It is one of the 1,693 of Church stakes in the United States, which are all ecclesiastical parts of the Church's worldwide organization. *Id*. ¶¶ 7-8. The SLO Stake does not have a separate or different mission or purpose from that of the Church. *Id.* ¶ 16. Unlike the Church and the Temple Corporation, the SLO Stake is not incorporated. *Id*. ¶ 15. The SLO Stake is not registered with the California Secretary of State, the SLO Stake has no registered agent, and the SLO Stake owns no property. *Id*. ¶¶ 15, 20.

On December 27, 2024, before being served with the Complaint, Defendant Doe 1, with Defendant Doe 2's consent, removed this case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a). In Plaintiff's Motion to Remand, Plaintiff contends that Doe 3 (the SLO Stake) is an unincorporated association with its principal place of business in Atascadero, California and that the "forum defendant rule" requires the remand of this action. In addition, Plaintiff contends that the Court should disregard the citizenship of the Defendants Doe 1, Doe 2, and Doe 3, as well as all other Doe defendants pursuant to 28 U.S.C. § 1441, rendering diversity jurisdiction "incomplete."

## II.   LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). However, there is a major limitation on removal jurisdiction in diversity cases. Even if there is complete diversity, removal is not permitted "if any of the parties in interest properly joined and serviced as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2). Specifically, Section 1441(b)(2), which is also known as the "forum defendant rule,"[1] provides:

---

[1] In *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 936 (9th Cir. 2006), the Ninth Circuit determined that violations of the forum defendant rule are procedural, not jurisdictional, and, thus, can be waived if the plaintiff does not object to removal within 30 days of receiving notice.

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

## III.    DISCUSSION

In its Notice of Removal, the Church contends that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff, however, contends that Doe 3 (the SLO Stake) is a citizen of California, and thus that the "forum defendant rule" requires the remand of this action. Plaintiff also contends that the citizenship of Doe 1, Doe 2, and Doe 3 should be ignored pursuant to 28 U.S.C. 1441, rendering diversity "incomplete."

### A.    SLO Stake's (Doe 3's) Citizenship

Defendants contend that the SLO Stake is an ecclesiastical subunit or division within the hierarchical structure of the Church, and is not an independent entity for jurisdictional purposes. Thus, based on the citizenship of the Church, Defendants contend that the SLO Stake is a citizen of Utah. Plaintiff, on the other hand, contends that the SLO Stake is an unincorporated association with its principal place of business in Atascadero, California.

In this case, the Court concludes that the SLO Stake, like the Church, is a citizen of Utah. An unincorporated "division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes." *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (quotations and citation omitted). As such, an unincorporated division of a corporation possesses the citizenship of its parent corporation. *See id.*

According to Plaintiff, the SLO Stake is a legal entity independent from the Church because, *inter alia*, it is headed by a "Stake President," is comprised of Stake clerks, secretaries, councils, and committees; maintains its own Stake Center, records, and finances; oversees church programs; supervises bishops and ward leaders; and addresses matters of child sex abuse. *See* Memorandum of Points of Authorities (Docket No. 21-1) at 4-6. However, this hierarchical structure and these responsibilities are outlined in the Church's General Handbook, and the exhibits relied on by Plaintiff confirms the Church's control over its Stakes. *See* Welling Decl. (Docket No. 21-2) ¶ 4, Ex. 2; ¶ 5, Ex. 3.   Plaintiff's arguments are further undermined by the allegations in his Complaint.  For example, he alleges "Defendant DOE 3, is and was at all relevant times herein mentioned, a religious entity and subsidiary of DOE 1." Complaint ¶ 7.

Because the SLO Stake functions similarly to an unincorporated division of a corporation, the Court concludes that it is not an independent entity for jurisdictional purposes.  *See Roe AJ 1 v. Church of Jesus Christ of Latter-Day Saints,* No. 2:24-CV-02990-DC-CSK, 2025 WL 85759, at *3 (E.D. Cal. Jan. 14, 2025) ("[T]he court is not persuaded that Defendant Napa Stake is an independent entity for jurisdictional purposes. Rather, Defendants have shown that Defendant Napa Stake is controlled by Defendant LDS as one of its many places of worship and is a citizen of Utah for the purposes of diversity jurisdiction.*"); Roe JW 142 v. Church of Jesus Christ of Latter-Day Saints*, No. EDCV 24-2150-KK-SPX, 2024 WL 5182415, at *2 (C.D. Cal. Dec. 20, 2024)

("[T]he Court finds Menifee Stake is part of defendant LDS' network of churches and is subject to defendant LDS' control, which emanates from Salt Lake City, "and thus is not an independent entity for jurisdictional purposes."); *Jane Roe MB 69 v. Doe 1*, 2025 WL 415344, at *4 (C.D. Cal. Feb. 6, 2025) ("[T]he Sunset Beach Stake exists only as a subunit within the larger church and has no independent legal existence apart from that hierarchy.").

The SLO Stake (Doe 3) thus possesses the citizenship of the Church and is a citizen of Utah.[2] Accordingly, because the SLO Stake is not a citizen of California, remand is not required under the forum defendant rule.

### B. Doe 1, Doe 2, and Doe 3 Are Not Fictitious Defendants.

Plaintiff also argues that the presence of Doe defendants precludes the establishment of complete diversity. The Court disagrees.

Pursuant to 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . ., the citizenship of defendants sued under fictitious names shall be disregarded." In this case, although Doe 1, Doe 2, and Doe 3 are sued as "does," they are not "fictitious." Rather, they are known entities and Plaintiff merely used "Doe" pseudonyms, as required by California Code of Civil Procedure § 340.1(k). *See* Cal. Civ. Proc. § 340.1(k) ("[A] defendant shall be named by 'Doe' designation in any pleadings or papers filed in the action until there has been a showing of corroborative fact as to the charging allegations against that defendant."). In such a circumstance, the Court will not ignore or disregard their citizenship for purposes of determining diversity. *See, e.g., Collins v. Garfield Beach CVS, LLC*, 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017) (quotations and citations omitted) ("[W]hen a plaintiff's allegations give a definite clue about the identity of the fictitious defendant . . ., the court should consider the citizenship of the fictitious defendant."). Any other interpretation would permit state legislatures to exempt entire classes of defendants from federal diversity jurisdiction, even when the identities of those defendants are known.

Accordingly, because Plaintiff is a citizen of Nevada, and Doe 1, Doe 2, and Doe 3, are citizens of Utah, there is complete diversity between the parties. And, because the amount in controversy exceeds $75,000, the Court concludes it has diversity jurisdiction over this action.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand Case to California State Court is **DENIED**. Plaintiff's request for additional time to conduct jurisdictional discovery is **DENIED**.

IT IS SO ORDERED.

---

[2]Because the Court concludes that the SLO Stake is a citizen of Utah for jurisdictional purposes, the Court declines to address whether the SLO Stake was fraudulently joined as it has no impact on the Court's disposition of this motion.